UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BRAD FUSSELL,<br><br>　　　　　Defendant. | 2:10-CV-365 JCM (PAL) |

**ORDER**

Presently before the court is the government's motion in limine to compel production of finger prints and palm print exemplars by defendant. (Doc. #83). To date, the defendant has not filed a response.

The defendant is charged with conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(ii)(II). On April 1, 2011, the government's attorney received a lab report indicating that the defendant's fingerprints had been recovered from a package associated with the cocaine seized in the investigation of this case. The government has attached a copy of the report to the motion. (Doc. #83, ex. A). The government asserts that, although the defendant's fingerprints have already been matched to prints recovered from packaging associated with the seized narcotics in the instant case, additional information is needed to make a more complete comparison.

In support of its motion, the government contends that obtaining the defendant's set of prints would expedite the trial process by precluding the need to call a third party witness. The government

**James C. Mahan**
**U.S. District Judge**

also preempts a Fifth Amendment based defense argument. The Fifth Amendment privilege against compelled disclosure does not protect or prohibit the introduction of information obtained through an examination or display of physical characteristics, and defendants have no Fifth Amendment right against self-incrimination regarding the production of handwriting, printing and fingerprint exemplars. *Fernandez v. Rodriguez*, 761 F. Supp. 2d 558 (10th Cir. 1985), citing *Gilbert v. California*, 388 U.S. 263 (1967). Accordingly, the court may compel the defendant to produce the requested evidence without infringing on his constitutional rights.

Because compelling the defendant to provide the requested exemplars does not violate the defendant's rights, and because compulsion will be in the best interest of judicial economy, this court hereby grants the government's motion in limine to compel production of the defendant's finger prints and palm print exemplars requested herein. The government further requests, and this court orders, that the defendant's counsel, Paul Riddle, Esq., be present at the taking of the exemplar, and that the prints be provided in a timely manner so that the current trial date can be maintained.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the government's motion in limine to compel production of finger prints and palm print exemplars by the defendant (doc. #83) is hereby GRANTED.

DATED June 14, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**