UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>BRAD FUSSELL<br><br>Defendant(s). | Case No. 2:10-CR-365 JCM (PAL)<br><br>ORDER |

Presently before the court is *pro se* petitioner Brad Fussell's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Doc. # 195). The government filed a response (doc. # 203), and petitioner filed an untimely reply (doc. # 209).

**I.  Background**

On August 3, 2010, the grand jury indicted Fussell for one count of conspiracy to distribute cocaine. (Doc. # 16). On September 28, 2011, after a three-day trial, the jury found Fussell guilty of the charge. (Doc. # 141). The jury also made a special finding that the conspiracy involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine. (Id.).

The court sentenced Fussell on January 11, 2012, to 120 months in custody with five years of supervised release to follow. (Doc. # 159). Fussell filed a notice of appeal on January 17, 2012. (Doc. # 163). On appeal Fussell argued for the first time, among other things, that his confession was involuntary because he was under the influence of drugs. (*See id*. at 3-4). On December 11, 2013, the Ninth Circuit affirmed this court's ruling. *See United States v. Fussell*, 549 F. App'x 659, 663 (9th Cir. 2013).

**James C. Mahan**
**U.S. District Judge**

On December 15, 2014, Fussell filed a timely 28 U.S.C. § 2255 motion and memorandum in support of that motion. (Docs. ## 195, 196). Fussell alleges ineffective assistance of counsel by his trial counsel, Paul Riddle, Esq. (Doc. # 195). The court ordered Mr. Riddle to provide an affidavit addressing Fussell's numerous ineffective assistance of counsel allegations. (Doc. # 202). Mr. Riddle complied and his affidavit is included with the government's response (doc. # 203).

## II. Legal standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on section 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III. Discussion

To prevail on a claim of ineffective assistance of counsel, Fussell must show deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"First, the defendant must show that counsel's performance was deficient." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . ." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. To establish deficient performance, Fussell "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

**James C. Mahan**
**U.S. District Judge**

- 2 -

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Fussell asserts that he is innocent based on "DLM" evidence − evidence that would exonerate him, which his "Defense Lawyer Missed." (Doc. # 195 at 17). Specifically, Fussell argues that his counsel was ineffective because he: (1) did not file a motion to suppress Fussell's statements and confession, which Fussell believes were illegally obtained by the FBI in violation of his *Miranda* rights; (2) failed to promptly schedule a hearing before a magistrate judge is violation of Federal Rule of Criminal Procedure 5 and *Mallory v. United States*, 265 U.S. 449 (1957); (3) failed to interview or have his investigator interview key exculpatory witnesses; (4) failed to review all discovery and prepare for trial; and (5) advised Fussell to not testify in his own defense at trial. (Doc. # 209 at 1).

   *A. Failure to file a motion to suppress admissions and failure to promptly schedule a hearing before a magistrate judge*

Fussell argues that his counsel was ineffective for failing to file a motion to suppress because the government agents held him "in police custody for the sole purpose of facilitating a 'confession' which never occurred . . . without a warrant . . . instead of taking Fussell immediately before a Magistrate for his warnings." (Doc. # 195 at 3). Fussell, therefore, actually presents two arguments. First, that Mr. Riddle was ineffective for not filing a motion to suppress Fussell's statements, and second, that Mr. Riddle was ineffective for failing to promptly schedule a hearing before the magistrate judge.

To prove that the failure to file a motion to suppress constituted ineffective assistance of counsel, Fussell must show "that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

**James C. Mahan**
**U.S. District Judge**

Fussell has not proved that his Fourth Amendment claim is meritorious. The record demonstrates that Fussell signed a waiver of his *Miranda* rights before speaking to agents. (Doc. # 203-1 at 2, 6). Fussell does not allege that law enforcement made an improper *Miranda* warning or coerced him to confess. Fussell essentially alleges only that Mr. Riddle should have moved to suppress a confession, which Fussell alleges he never made. The court finds that Mr. Riddle did not deficiently represent Fussell by declining to file a motion to suppress a confession Fussell alleges he never made. Instead, Mr. Riddle cross-examined the agent at trial who claimed to have heard the confession.

Federal Rule of Criminal Procedure 5(a) mandates a prisoner's prompt appearance before a magistrate judge. Fed. R. Crim. P. 5. Rule 5 was designed to prevent police from using oppressive interrogation tactics and obtaining confessions during prolonged detentions before producing the prisoner before a judicial officer. *See Mallory v. United States,* 354 U.S. 449, 451-454 (1957). Fussell's waiver of his *Miranda* rights also waives any potential *Mallory*/Rule 5 violation. *United States v. Cluchette*, 465 F.2d 749 (9th Cir. 1972) ("It is the law of [the Ninth Circuit] that the requirements of [*Mallory*] are waived . . . where a person in custody waives his *Miranda* rights). Accordingly, Fussell waived his *Mallory* claim when he signed the *Miranda* waiver. This claim is dismissed.

*B. Failure to interview key witnesses/failure to review all discovery and prepare for trial*

Fussell contends that his counsel provided ineffective assistance because he failed to obtain statements by Fussell's codefendants that Fussell had nothing to do with the drug distribution conspiracy. (Doc. # 195 at 4, 6).

There is no evidence in the record to support Fussell's claims that his codefendants would have made statements to exonerate him. To the contrary, the evidence demonstrates that Fussell's codefendants both provided statements to law enforcement that incriminated him. (Doc. # 203-1 at 3, 8-15).

Further, Mr. Riddle notes in his affidavit that Fussell's codefendants were represented by counsel who declined to allow Mr. Riddle to interview their clients. (Doc. # 203-1 at 3).

1   Therefore, even if Mr. Riddle wanted to interview Fussell's codefendants, their counsel did not
2   permit it.
3       Fussell does not provide specifics about how Mr. Riddle failed to review discovery and
4   prepare for trial. Fussell merely states that four days prior to trial he wrote a letter to the court
5   detailing his concerns with Mr. Riddle and Mr. Riddle's lack of action on his case.  (Doc. # 209
6   at 5). Fussell appears to argue that Mr. Riddle's failure to interview or subpoena witnesses, and
7   Fussell's request for new counsel prior to trial demonstrates that Mr. Riddle failed to prepare for
8   trial.
9       Mr. Riddle's decision to not call certain witnesses is a strategic decision that cannot be the
10  basis for an ineffective assistance of counsel claim. *See Gustave v. United States,* 627 F.2d 901,
11  904 (9th Cir. 1980) ("Mere criticism of a tactic or strategy is not in itself sufficient to support a
12  charge of inadequate representation.")  This claim is dismissed.
13      *C. Advising Fussell to not testify*
14      Fussell faults Mr. Riddle for not allowing him to testify on his own behalf. (Doc. # 196 at
15  20). Again, the record contradicts Fussell's claim. At trial, the court engaged Fussell in a detailed
16  colloquy, informing Fussell that the decision of whether to testify belonged to him. (Doc. # 177
17  at 251). The record demonstrates that Fussell was aware of his right to testify and chose to not
18  exercise that right.
19      *D. Fussell's request for an evidentiary hearing*
20      Finally, Fussell argues for an evidentiary hearing. Where a section 2255 motion is based
21  on alleged occurrences outside the record, no hearing is required if the allegations, "viewed against
22  the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous
23  as to warrant summary dismissal.'" *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985)
24  (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). The Ninth Circuit has
25  recognized that where the issue of credibility can be conclusively decided on the basis of
26  documentary testimony and evidence in the record, no evidentiary hearing is required. *United*
27  *States v. Espinoza,* 866 F.2d 1067, 1069 (9th Cir. 1989) (quotations omitted).
28

**James C. Mahan**
**U.S. District Judge**

The court denies the request for an evidentiary hearing because, as discussed above, the record before the court "conclusively shows" that Fussell is not entitled to relief. 28 U.S.C. § 2255(b); *Farrow v. United States,* 580 F.2d 1339, 1360–61 (9th Cir. 1978) (en banc).

E. *Certificate of appealability*

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
>
> > (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> >
> > > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> > >
> > > (B) the final order in a proceeding under section 2255.
> >
> > (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> >
> > (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under section 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

James C. Mahan
U.S. District Judge

- 6 -

The court finds that Fussell has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under section 2255 debatable, wrong, or deserving of encouragement to proceed further. The court declines to issue a certificate of appealability.

### IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* petitioner Brad Fussell's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (doc. # 195) be, and the same hereby is, DENIED.

DATED July 6, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**